UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HARRY BOWMAN,

    Petitioner,

v.                                    Case No.  8:07-CV-466-T-30TGW
                                        Crim. No. 8:97-CR-333-T-30TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

Petitioner, Harry Bowman, has filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255 (Dkt. #1). The government has responded (Dkt. #7) and Petitioner has replied (Dkt. #8). This Court held an evidentiary hearing on September 7, 2007, concerning the allegations of the Petition.

Petitioner's motion is based on his contention that the FBI was in possession of "boxes of documents consisting of the wiretaps and undercover activities that led up to Bowman's indictment." Further, Petitioner asserts:

> Bowman was informed by Kisslan that she knew that the FBI was in possession of pre-trial statements of "snitches," the witnesses who assisted the government in the prosecution of Bowman and who testified against Bowman. Neither the existence of these boxes of documents nor the fact that the FBI did indeed have pre-trial statements from cooperating witnesses was previously disclosed to Bowman, despite Bowman's specific discovery request.

Bowman's contention is based on a letter written by Kimberly Kisslan, assistant director of the Broward County Sheriff's Office, in which she made statements that were subject to different interpretations. Her testimony at the hearing before this Court was clear,

though, that while she had been informed that the Broward County Sheriff's Office was in possession of sixteen (16) boxes of information, she had never seen the boxes nor had she any idea of what was in the boxes. She also knew of no statements taken from any witnesses. The letter indicates that her information came from Sgt. McElhinney. Sgt. McElhinney testified that his involvement with the Broward County Sheriff's Office investigation ended in 1992. He is aware of the boxes of information and that those boxes were never turned over to the FBI. He also testified that there were no statements taken from any witnesses by the Broward County Sheriff's Office.

The Court finds that there is no information, including pre-trial statements of witnesses, that was in possession of the government that would have been required to have been turned over to the defense prior to the trial of Petitioner. The Broward County Sheriff's Office did not turn over any of its information to the FBI. The FBI has searched its evidence files in both Jacksonville and Tampa and finds no information that came from the Broward County Sheriff's Office, and has no information that should have been turned over to Bowman prior to trial that was not turned over.

As an additional argument in opposition to Bowman's motion, the government argues that it is time-barred. It points to an earlier letter from Ms. Kisslan on December 8, 2005, in which she informed Bowman of the existence of the sixteen boxes of information. Bowman's motion was not filed in this case until March 16, 2007. In response, Bowman argues that it was not until Ms. Kisslan's letter of March 21, 2006, that he was made aware that there was a possibility that there were "snitch" statements turned over to the FBI.

Taking this evidence in the best light to Bowman, he did not know of the possibility of the existence of snitch statements until Ms. Kisslan's March 21, 2006, letter, but he did know of the existence of the boxes. Only the argument that there are potential "snitch" statements taken of witnesses by the Broward County Sheriff's Office and turned over to the FBI is not time-barred. The evidence is clear that no such statements were taken and, in any event, no information was turned over to the FBI. This entire evidentiary hearing was occasioned by the inartful wording contained in Ms. Kisslan's letter.

Based on the above findings of fact, the Court determines that Bowman's motion should be denied.

It is therefore ORDERED AND ADJUDGED:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255 (CV Dkt. #1) (CR Dkt. #146) is DENIED.

2. The Clerk is directed to enter Judgment in favor of Respondent and against the Petitioner.

3. The Clerk is directed to terminate any pending motions and close this file.

**DONE** and **ORDERED** in Tampa, Florida on September 18, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2007\07-cv-466.evid hrg.wpd