**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

HARRY BOWMAN,

    Petitioner,

v.                                      CASE NO.  8:07-CV-466-T-30TGW
                                                CRIM. NO.   8:97-CR-333-T-30TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **ORDER**

Before the Court is Petitioner's Motion (CV Dkt. 22) in which he essentially states that he wants to file a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, and requests the Court to extend the one-year statute of limitations applicable to filing a § 2255 motion until he receives a response from the Drug Enforcement Administration ("DEA") to his attorney's letters to the DEA requesting production of information regarding the DEA's investigation of Petitioner.

This Court presently lacks jurisdiction to extend the one-year statutory deadline for filing a motion pursuant to 28 U.S.C. § 2255.  *See United States v. McFarland*, 125 F. Appx. 573, 574 (5th Cir. 2005)(unpublished opinion).  A district court may grant an extension of time to file a motion to vacate, set aside, or correct sentence pursuant to § 2255 only if (1) the moving party requests the extension *upon or after* filing the actual § 2255 motion and (2) rare and exceptional circumstances warrant equitably tolling the limitations period. *See Green v. United States*, 260 F.3d 78, 82-83 (2d Cir. 2001). Without the filing of a substantive § 2255 motion, the Court is without jurisdiction to consider its timeliness or any grounds for

equitable tolling. *Id.* at 82 ("Prior to an actual filing [of a § 2255 motion], there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory.") (citations and quotations omitted). The allegations in Petitioner's motion are too vague and conclusory in nature to be considered a substantive § 2255 motion.

Moreover, Petitioner previously filed in this action a request for collateral relief pursuant to 28 U.S.C. § 2255, which was denied on September 18, 2007 (CV Dkt. 15). On November 28, 2007, the Eleventh Circuit Court of Appeals denied Petitioner's application for a certificate of appealability (CV Dkt. 21). "[A] second or successive [§ 2255] motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255. *See* 28 U.S.C. §2244(b)(3)(A). Because Petitioner has previously sought collateral relief pursuant to § 2255 and he has not demonstrated that he has obtained permission from the Eleventh Circuit to file a second or successive motion, this Court is without jurisdiction to entertain a § 2255 motion.

ACCORDINGLY, the Court **ORDERS** that Petitioner's motion for an extension of time to file a § 2255 motion to vacate is **DENIED** (CV Dkt. 22).

**DONE** and **ORDERED** in Tampa, Florida on August 6, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copies furnished to:
Counsel/Parties of Record

2